No. 834

HIGGINS et v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6233. Decided May 18, 1925

144. BILL OF EXCEPTIONS—Where in such chaotic state due to mistakes of stenographer, so that no conclusion as to facts, law or errors assigned can be reached, the court may affirm judgment of lower court on ground that there is no bill.

SULLIVAN, J.

John Higgins and John O'Brien were convicted in the Cuyahoga Common Pleas for falsely pretending to one Sullivan that they were duly empowered and authorized to search his premises for unlawful possession of intoxicating liquors, and then further pretended to Sullivan that he was placed under arrest for a proposed violation of the liquor law.

Error was prosecuted to the Court of Appeals and the issues raised were whether the verdict was manifestly against the weight of the evidence, and whether Higgins and O'Brien were de facto officers. The court held:

1. It is found that the bill of exceptions is incomplete and it is impossible to determine the questions of law or fact therefrom, and inasmuch as the errors charged do not appear from the indictment itself, it is necessary to pass upon the bill of exceptions.

2. The trial judge wrote by way of certificate to the bill of exceptions: "This bill is so full of mistakes made by the stenographer that I hesitate to sign it. I have attempted to make the charge somewhat like it was given, but have not attempted to correct the evidence. In order that the defendants may not be deprived of a review of the principal questions, I will sign the bill."

3. Under the authorities it should appear from the certificate that the bill of exceptions contains all the evidence in the case, but here, the trial court, by its own hand, certifies to the opposite.

4. This leaves the bill of exceptions in such a chaotic state that no conclusion as to facts or law, or to the errors assigned can be reached.

5. Under such a status of the record there is but one thing for the court to do, and that is to affirm the judgment of the court below on the ground that there is in law no bill of exceptions, and that there are no errors apparent upon the face of the record.

Judgment affirmed.

Attorneys—Appleton & Appleton for Higgins et; E. C. Stanton for State; all of Cleveland.